UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ASHLEY FRANCIS                                                    CV

                              Plaintiff,

          -against-                                              **COMPLAINT**

IMA PIZZA STORE 23 LLC                                           **JURY TRIAL REQUESTED**

                              Defendant.
-----------------------------------------------------------------x

## COMPLAINT

  Plaintiff Ashley Francis (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendant IMA Pizza Store 23 LLC (together referred to as "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

  1.  This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").  As explained more fully below, Defendant own, lease, lease to, operate, and control a place of public accommodation that violates the above-

1

mentioned laws.  Defendant is vicariously liable for the acts and omissions of its

employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. §

12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions

regarding the deprivation of Plaintiff's rights under the ADA and Section 504 of the

Rehabilitation Act.  The Court has supplemental jurisdiction over Plaintiff's related

claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

Defendant's acts of discrimination alleged herein occurred in this district and

Defendant's place of public accommodation that is the subject of this action is located in

this district.

## PARTIES

4.      At all times relevant to this action, Plaintiff Ashley Francis has been and

remains currently a resident of New York, New York.

5.      At all times relevant to this action, Plaintiff Ashley Francis has been and

remains a wheelchair user.  Plaintiff has medical conditions that inhibit walking and

restrict body motion range and movement.

6.      At all relevant times, defendant IMA Pizza Store 23 LLC leases property

located at 740 Broadway in New York County, New York (hereinafter referred to as "740

Broadway").

7.     At all relevant times, defendant IMA Pizza Store 23 LLC has and continues to operate a restaurant establishment at 740 Broadway (hereinafter referred to as the "&pizza" premises).

8.     Defendant is licensed to and does business in New York State.

9.     Upon information and belief, IMA Pizza Store 23 LLC is a wholly-owned subsidiary of nonparty IMA Pizza LLC.

10.     Nonparty IMA Pizza LLC operates a nationwide chain of pizza restaurants doing business as &pizza.

11.     &pizza is a fast-growing pizza chain in the U.S. that has devoted substantial resources into expanding into the United Kingdom.

12.     &pizza makes hand-crafted, custom-made personal pizzas.  Customers choose unlimited ingredients or select any of eight chef-inspired combinations.

13.     Upon information and belief, nonparty IMA Pizza LLC operates over 60 &pizza restaurants with plans to open another 40 restaurants in 2022 and 2023.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.     Defendant is a public accommodation as it owns, leases, controls and operates a place of public accommodation, the &pizza premises located at 740 Broadway, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

15.     The &pizza premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL

(Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

16.     Numerous architectural barriers exist at the &pizza premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

17.     Upon information and belief, at some time after 2016, alterations were made to 740 Broadway, including areas adjacent and/or attached to 740 Broadway.

18.     Upon information and belief, at some time after 2016, alterations were made to the &pizza premises, and to areas of 740 Broadway related to the &pizza premises.

19.     Within the past three years of filing this action, Plaintiff visited and attempted to and desired to access the &pizza premises. Plaintiff personally encountered and experienced the architectural barriers identified herein.  For example, all of the dining tables are too high for a person in a wheelchair to use.  Defendant discriminates against persons who use wheelchairs by denying them the basic choice to eat inside its restaurant.

20.     The services, features, elements and spaces of the &pizza premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in

2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

21.     Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the &pizza premises that are open and available to the public.

22.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

23.     Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the &pizza premises as well as architectural barriers that exist include, but are not limited to, the following:

I.     Defendants fail to provide that at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the premises.  See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

II.     Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating.  See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2; and BCCNY § 1108.2.9.

III.     Defendants fail to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining.  See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

IV.     Defendants fail to provide a space for dining where plaintiff's wheelchair does not overlap the accessible route and/or a space that adjoins an accessible route.  See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

V.   Defendants fail to provide a space for dining where plaintiff's wheelchair does not the overlap the general circulation path and/or emergency egress routes.  See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

VI.   Defendants fail to provide the International Symbol of Accessibility at its designated accessible seating.  BCCNY § 11010.1(9).

VII.   Defendants fail to provide dining tables and/ surfaces that are at an accessible height.  See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

VIII.   Defendants fail to provide dining tables and/ surfaces that have the minimum required knee clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

IX.   Defendants fail to provide dining tables and/or surfaces that have the minimum required toe clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

X.   Defendants fail to provide that its self-service shelves and dispensing devices for condiments, food, beverages, dishware, tableware, utensils and napkins are within the accessible reach ranges thereby depriving plaintiff of items that are available to non-disabled customers.  See 1991 Standards §§ 5.6 and 4.2; 2010 Standards §§ 904.5.1, 308, 227.4.

XI.   Defendants fail to provide that its self-service shelves and dispensing devices for condiments, food, beverages, dishware, tableware, utensils and napkins have the minimum required maneuvering clearance of level and clear space for a front or side approach thereby depriving plaintiff of items that are available to non-disabled customers.  See 1991 Standards §§ 5.1, 5.6; and 2010 Standards §§ 309, 305.3, 802.1.2, and 802.1.3.

XII.   Defendants fail to provide that the controls for the dispensing devices for condiments, food, beverages, dishware, tableware, utensils and/or napkins are usable to the disabled plaintiff thereby depriving plaintiff of items that are available to non-disabled customers.  See 1991 Standards § 4.27; and 2010 Standards §§ 205.1, 309.3, 309.4, 309.5.

XIII.   Defendants fail to provide that the handrails extend at least 12 inches beyond the top and bottom of the ramp/walkway in a parallel and rounded return.  See 1991 Standards §§ 4.8.5(2), 4.8.5(6); and 2010 Standards § 505.10.

XIV.   Defendants fail to provide an accessible public toilet room.  See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

XV.     At the inaccessible public toilet room, defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible public toilet room.  See Standards §§ 4.1.6(3)(e)(iii), 4.1.3(16)(a), 4.1.2(7), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.3, 216.8, 703, 703.7.2.1; BCCNY § 1110.1.

XVI.    Defendants fail to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to severe personal injury.  See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

XVII.   Defendants fail to provide that the door does not swing into the minimum required unobstructed floor space for the lavatory.  See 1991 Standards §§ 4.22.2, 4.22.3, 4.23.2, 4.23.3, 4.23.7, 4.24.5; and 2010 Standards §§ 213.3.4, 603.2.3, 606.2.

XVIII.  Defendants fail to provide that the flush control is located on the open side of the water closet.  See 1991 Standards § 4.16.5; and 2010 Standards § 604.6.

XIX.    Defendants fail to provide that the hook inside the toilet room is located within an accessible reach range.  See 1991 Standards §§ 4.25.3, 4.2.6, 4.2.5, 4.1.3(12); and 2010 Standards §§ 213.3.7, 308, 308.2, 308.3, 309.3, 603.4, 604.8.3; and BCCNY § 1109.8.3.

XX.     Defendants fail to provide that the toilet door lock hardware does not require tight grasping, tight pinching and twisting of the wrist to operate.  See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7) and 4.13.9; and 2010 Standards §§ 206.5.1, 404.2.7, 309.4, 604.8.1.2.

24.     Upon information and belief, a full inspection of the &pizza premises will reveal the existence of other barriers to access.

25.     As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the &pizza premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

26.     Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

27.     Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws. Nor has Defendant made or provided accommodations or modifications to persons with disabilities.

28.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the &pizza premises continue to exist and deter Plaintiff.

29.     Plaintiff frequently travels to the area where the &pizza premises is located.

30.     Plaintiff intends to patronize the &pizza premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

31.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the &pizza premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

32.     Plaintiff intends to patronize the &pizza premises several times a year as "tester" to monitor, ensure, and determine whether the &pizza premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

33.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

34.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

35.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

36.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

37.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use its place of public accommodation all because Plaintiff is disabled.  Defendant's policies and practices has and continues to subject Plaintiff to disparate treatment and disparate impact.

38.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

39.     Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991

Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C.
§12183(a)(1).

40.     The &pizza premises are not fully accessible and fail to provide an
integrated and equal setting for the disabled, in violation of 42 U.S.C. §12182(b)(1)(A)
and 28 C.F.R. § 36.203.

41.     Defendant failed to make alteration accessible to the maximum extent
feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

42.     The paths of travel to the altered primary function areas accessible were
not made accessible in violation of 28 C.F.R. § 36.403.

43.     Defendant failed to make all readily achievable accommodations and
modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would
be readily achievable to make Defendant's place of public accommodation fully
accessible.

44.     By failing to remove the barriers to access where it is readily achievable to
do so, Defendant has discriminated against Plaintiff on the basis of disability in violation
of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28
C.F.R. § 36.304.

45.     In the alternative, Defendant has violated the ADA by failing to provide
Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. §
36.305.

46.     Defendant's failure to remove the barriers to access constitutes a pattern
and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28
C.F.R § 36.101 *et. seq.*

47.     Defendant has and continues to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

48.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

49.     Plaintiff has from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

50.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

51.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

52.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use its place of public accommodation all because Plaintiff is disabled.

53.     Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendant has aided and abetted others in committing disability discrimination.

54.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

55.     In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

56.     It would be readily achievable to make Defendant's place of public accommodation fully accessible.

57.     It would not impose an undue hardship or undue burden on Defendant to make its place of public accommodation fully accessible.

58.     As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

59.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

60.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

61.    Plaintiff has from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

62.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

63.    Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendant has aided and abetted others in committing disability discrimination.

64.    Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

65.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

66.     Defendant has subjected, and continues to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

67.     Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

68.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce each other in each of the other Defendant's attempts to, and in its acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

69.     Defendant discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

70.     Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of

14

policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

71.    Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

72.    Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendant are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

73.    As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

74.    Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

75.    By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

76.    Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

15

77.     By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

78.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

79.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

80.     Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

81.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

82.     Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

83.     Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices, and procedures.

84.     Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

16

85.     Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages to punish and deter the Defendant for its violations of the NYCHRL;

17

      F.  Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

      G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL;

      H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

      I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: October 25, 2022
      New York, New York

                    Respectfully submitted,

                    **PARKER HANSKI LLC**

                    By:____/s_____
                        Glen H. Parker, Esq.
                        Attorneys for Plaintiff
                        40 Worth Street, Suite 602
                        New York, New York 10013
                        Telephone: (212) 248-7400 ex. 15
                        Facsimile: (212) 248-5600
                        Email: ghp@parkerhanski.com